IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | 3:14-CV 00965-JO |
| | ) | 3:11-CR 00514-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| RAMON GARCIA-YEPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, District Judge

    Ramon Garcia-Yepez moves the court under 28 U.S.C. § 2255 to set aside his 2011 conviction for illegal reentry. He claims the conviction was improper because he received ineffective assistance of counsel when he was initially deported in 2006. This court DENIES Garcia-Yepez's motion.

    //

-1-   OPINION AND ORDER

## BACKGROUND

Garcia-Yepez was deported in 2006. A grand jury indicted him for illegal reentry in December of 2011. Garcia-Yepez accepted the Government's plea offer on February 13, 2012, and was sentenced that day. In the plea deal, Garcia-Yepez waived his right to appeal or challenge any aspect of the conviction except on the grounds of ineffective assistance of counsel. The judgment was entered on February 14, 2012.

Garcia-Yepez returned to the United States again the following year. On June 3, 2013, he was arrested by Immigration and Customs Enforcement (ICE). Garcia-Yepez claims his attorney in his current reentry case uncovered information that provides grounds to establish ineffective assistance of counsel regarding his 2011 illegal reentry. His Section 2255 claim arises out of this ineffective assistance of counsel claim.

## LEGAL STANDARD

A federal prisoner in custody may claim the right to be released because his sentence was imposed in violation of the Constitution or laws of the United States by filing a motion with the sentencing court within one year of his conviction. 28 U.S.C. §2255(f)(1). Alternatively, a prisoner may file such a claim within one year after an unlawful impediment to filing is removed, the Supreme Court recognizes a new constitutional right, or the prisoner learns or should have learned of a factual predicate for his claim. 28 U.S.C §2255(f)(2)-(4).

## DISCUSSION

### I.    Statute of Limitations

The Government contends the statute of limitations deprives this court of jurisdiction to rule on Garcia-Yepez's motion. *See* 28 U.S.C. § 2255(f). A federal

prisoner may bring a challenge under Section 2255 within one year of his conviction becoming final. 28 U.S.C. § 2255(f). The Government alleges Garcia-Yepez filed more than one year following his conviction became final.

A conviction is final for Section 2255 purposes when a judgment has been handed down, the prisoner has exhausted his avenues for appeal, and either the Supreme Court has reached a decision or the time for a petition for certiorari has expired. *See Clay v. United States*, 537 U.S. 522, 529, 532 (2003); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). For a federal prisoner who declines to seek direct review, a conviction becomes final "upon the expiration of the time during which she could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (*citing United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000)). Garcia-Yepez did not appeal within the 14-day period following his February 14, 2012 illegal reentry judgment. *See* Fed. R. App. P. 4(b)(1). Therefore, his conviction became final on February 28, 2012. *See* Fed. R. App. P. 4(b)(1); *Schwartz*, 274 F.3d at 1223. Garcia-Yepez filed this Section 2255 motion on June 8, 2014, more than one year following the date on which his conviction became final. However, Garcia-Yepez's motion is still timely under the exception in Section 2255(f)(4).

Garcia-Yepez asserts that he did not know of counsel's inadequacies until sometime after ICE placed him in custody on June 3, 2013. Garcia-Yepez alleges that his court-appointed attorney investigated his 2006 deportation and uncovered a legal error in that judgment. He claims that the immigration judge erroneously deported him solely on the grounds that he admitted to possession of a controlled substance under California law.

Garcia-Yepez emphasizes that this mistake renders his 2011 conviction for illegal reentry void but he was unaware of it during the 2011 proceedings.

Section 2255(f)(4) provides that the statutory period begins to run from the day the movant could have learned of a factual predicate for his motion through the exercise of due diligence.   Garcia-Yepez learned that his 2011 attorney failed to consider a potentially controlling circumstance.   This newly discovered fact supports Garcia-Yepez's ineffective assistance of counsel claim, and Garcia-Yepez had no reason to know of it before his most recent attorney brought it to his attention. In *Hasan v.* Galaza, 254 F.3d 1150 (9th Cir. 2001), a prisoner challenged his attempted first degree murder conviction due to ineffective assistance of counsel.   Counsel had observed possible evidence of jury tampering, but neglected to investigate further or bring the matter to court.   The prisoner later learned of a romantic relationship between a juror and one of the prosecution's witnesses, a fact that counsel's proper investigation would have uncovered.   This new information delayed the start of the statutory period because the prisoner did not know and had no reason to know of a factual predicate for his ineffective assistance of counsel claim before the information came to light.   *Hasan* 254 F.3d at 1154.   The court reasoned that "Hasan could not have asserted at that time, in objective good faith, that he was prejudiced as a result of his counsel's deficient performance . . . ." *Hasan* 254 F.3d at 1154.   Similarly, Garcia-Yepez became privy to information necessary for an ineffective assistance of counsel claim after another attorney's investigation on his behalf.   Thus, the statutory period began when Garcia-Yepez first became aware of his 2011 counsel's lack of investigative vigor.

However, even assuming Garcia-Yepez learned of the factual predicate for his current claim after June 8, 2013, one year before he filed this motion, his claim still fails on the merits, as discussed below.

## II.     Ineffective Assistance of Counsel

Garcia-Yepez contends that his counsel for his 2011 illegal reentry charge failed to advise, investigate, or conduct any work whatsoever regarding his allegedly erroneous 2006 deportation. Instead, Garcia-Yepez asserts, counsel convinced him to enter into a plea agreement with the Government. Garcia-Yepez alleges this behavior amounts to constitutionally ineffective counsel.

Even if complete and truthful, Garcia-Yepez's allegations fall short of establishing constitutional ineffective assistance of counsel. To prove ineffective assistance of counsel, a party must show unreasonable performance under the standard of the profession and that such performance resulted in prejudice. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984); *Hasan*, 254 F.3d at 1154. Professional standards do not require defense attorneys to investigate the legal predicates for clients' prior convictions. In addition, professional standards permit defense attorneys to encourage criminal defendants to agree to reasonable plea bargains. *See Premo v. Moore*, 131 S.Ct. 733, 744 (2011) (finding a defendant who accepted a plea offer on counsel's advice was not prejudiced by counsel's failure to bring a motion to suppress evidence). The reentry plea agreement between the Government and Garcia-Yepez was designed to be mutually beneficial. Strongly encouraging a criminal defendant to enter into a plea agreement designed in part for his benefit cannot be

considered constitutionally ineffective legal service.  *See Premo*, 131 S.Ct. at 744.

Garcia-Yepez's ineffective assistance of counsel allegation must fail.

**III.    Evidentiary Hearing**

There is no need for an evidentiary hearing on this matter.  Garcia-Yepez has not

alleged facts that entitle him to relief.  *See United States v. Leonti*, 326 F.3d 1111, 1116

(9th Cir. 2003); *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).  Garcia-

Yepez's motion is denied without an evidentiary hearing.

**CONCLUSION**

For the foregoing reasons, Garcia-Yepez's motion is DENIED.

IT IS SO ORDERED.

DATED this ____15th____ day of July, 2014.

Robert E. Jones
United States District Judge

-6-    OPINION AND ORDER